**In re Richard E. LINN, Debtor.**

**BARNETT BANK, Plaintiff,**

**v.**

**Richard E. LINN, Defendant.**

**Bankruptcy No. 81–01521–BKC–TCB.**
**Adv. No. 81–0661–BKC–TCB–A.**

United States Bankruptcy Court,
S. D. Florida.

Jan. 22, 1982.

Robert Furr, Boca Raton, Fla., for plaintiff.

Angus Campbell, West Palm Beach, Fla., for defendant.

### MEMORANDUM DECISION

THOMAS C. BRITTON, Bankruptcy Judge.

A creditor seeks judgment against the debtor on a bank card account and a deter-

mination that the claim is excepted from discharge under 11 U.S.C. § 523(a)(2)(A). The creditor's second count was dropped at trial. The debtor has answered and the matter was tried on January 19.

The debtor is a life insurance agent who enjoyed an income of about $70,000 from commissions and other business interests during each of the two years before he filed for bankruptcy on September 18, 1981. The filing was prompted by a judgment entered June 18 against him for $57,113 on an account he had expected another party to pay. The judgment forced him to cancel his planned sale of some speculative real property, the proceeds of which he had counted on to pay off some other obligations. To compound these problems, the debtor is a gambler who reports that he lost some $25,000 over the three years preceding bankruptcy. He has continued his gambling since bankruptcy. In June he was forced to surrender his car because he could not keep up his payments and in July he was sued by another bank for $59,000. They had not been paid since May 15. He defaulted in mid-July on a third obligation of about $5,000. When he filed for bankruptcy, he owed $498,000 against $85,000 in assets.

In February or March, 1981, American Express had cancelled his credit card. Beginning in July, he began to use a Visa card issued by plaintiff to debtor but previously used only by the debtor's wife. Before that, the wife had kept the card account current and generally within its authorized limit, $1,600. The wife, who is not in bankruptcy, stopped using this card. Since the loss of his American Express card, all the debtor's transactions had been handled in cash, using money he borrowed from others.

Beginning with the month of July and continuing until the Visa account was closed by the plaintiff in mid-September, the debtor substantially increased the level of charges, with a pattern of extravagant travel and purchases of non-necessities, made no payments on the account, and exceeded the credit limit notwithstanding the fact that he had requested and been refused an increase in his credit limit. Significantly, nearly all his charges were in amounts below the threshold at which the vendor is required to check availability of credit. That threshold varies with the category of the vendor: shop, restaurant, airline, etc. The account was closed and presently reflects that the debtor owes plaintiff $5,273.

I find that the debtor obtained credit from the plaintiff in the total sum of $3,771 (the difference between the balance owed July 1, 1981, and his final account) upon the implied but deliberately false representation that he had the means to pay and the intention of paying the account. Plaintiff relied on that representation. Beginning not later than July 1, the debtor employed the Visa card with an actual intent to defraud the plaintiff by using the credit without any true intention of ever paying any part of the account.

I do not believe the debtor's explanation that he expected to pay these charges from a finder's fee to be earned from producing buyers for certain real property owned by Equitable, his employer. If any possibility ever existed for him to earn a commission from such a transaction, which I doubt, I am convinced that he knew that possibility to be so remote in time and probability as to represent no true intention of paying the account.

I conclude, therefore, that plaintiff is entitled to judgment against the debtor for $3,771. (The remainder of plaintiff's account may be asserted as a general claim, but no purpose would be served by entering judgment here for a larger sum). That judgment is excepted from discharge under § 523(a)(2)(A). 3 *Collier on Bankruptcy* (15th ed.) ¶ 523.08.

As is required by B.R. 921(a), a separate judgment will be entered in accordance with the foregoing conclusions. Costs will be taxed on motion.